UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

Carlos A. Morales, et al.

      v.                               NH Civil No. 05-ds-114-JD
                                       PR Civil No. 04-1760

Commonwealth of Puerto Rico, et al.

O R D E R

The plaintiffs, who are the parents of Veronica M. Morales
Davila, filed suit on her behalf under the Individuals with
Disabilities Education Act ("IDEA"), the Rehabilitation Act, the
Civil Rights Act of 1964, 42 U.S.C. § 2000a, the Americans with
Disabilities Act, and 42 U.S.C. § 1983.  They also allege claims
under Puerto Rico law.  The plaintiffs contend that the
Department of Education of Puerto Rico; Cesar Rey, Secretary of
the Department; Elsie Rivas, Supervisor of the Department of
Special Education, and Administrative Judge Carmen Beauchamp
Gonzalez violated Veronica's rights under the cited statutes by
failing to provide her with an educational environment that is
appropriate, given her disabilities.  Administrative Judge Carmen
Beauchamp Gonzalez moves to dismiss the claims against her based
on quasi-judicial immunity.

Standard of Review

When, as here, the defendant moving to dismiss has filed an
answer, the motion is properly considered as a motion for

judgment on the pleadings.  "After the pleadings are closed but
within such time as not to delay the trial, any party may move
for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A motion
for judgment on the pleadings is decided under the same standard
as a motion to dismiss.  Pasdon v. City of Peabody, 417 F.3d 225,
226 (1st Cir. 2005).  The "court must accept all of the nonmoving
party's well-pleaded factual averments as true and draw all
reasonable inferences in her favor."  Feliciano v. Rhode Island,
160 F.3d 780, 788 (1st Cir. 1998).  Judgment on the pleadings is
not appropriate "'unless it appears beyond doubt that the
plaintiff can prove no set of facts in support of her claim which
would entitle her to relief.'"  Santiago de Castro v. Morales
Medina, 943 F.2d 129, 130 (1st Cir. 1991) (quoting Rivera-Gomez
v. De Castro, 843 F.2d 631, 635 (1st Cir. 1988)).

## Discussion

The plaintiffs argue that Beauchamp's motion should be
denied as untimely.  On April 7, 2005, this court set June 6,
2005, as the deadline for filing dispositive motions.  Beauchamp
filed her motion to dismiss on June 16, 2005, which is ten days
after the deadline.  The plaintiffs, however, did not initially
raise the timeliness issue but sought an extension of time in
which to respond to the motion, which was granted.  They also did
not raise the timeliness issue in their opposition filed on July
8, 2005.  Instead, the plaintiffs waited another seven weeks to

2

file a "Supplemental Motion to Plaintiffs' Opposition to Motion
to Dismiss" in which they raised the issue of the deadline.[1]
Under these circumstances, the court will consider the motion to
dismiss despite its untimely filing.

A.   Motion to Dismiss

    Judges are entitled to absolute immunity from suit for
damages arising from their actions taken within their judicial
jurisdiction.  See Stump v. Parkman, 435 U.S. 349, 355–56 (1978).
"[T]his immunity applies even when the judge is accused of acting
maliciously and corruptly, and it is not for the protection or
benefit of a malicious or corrupt judge, but for the benefit of
the public, whose interest it is that the judges should be at
liberty to exercise their functions with independence and without
fear of consequences."  Pierson v. Ray, 386 U.S. 547, 553–54
(1967) (internal quotation marks omitted).  Therefore, to the
extent a defendant was acting within a judicial function at the
time of her actions that give rise to the cause of action, she is
entitled to immunity.  See Diva's, Inc. v. City of Bangor, 411
F.3d 30, 41 (1st Cir. 2005).

    Carmen Beauchamp Gonzalez contends that as a hearings
officer for the Puerto Rico Department of Education she is

---

[1]The docket of this case in the District of Puerto Rico does
not include this filing, which appears to have been filed only in
New Hampshire.

entitled to quasi-judicial immunity as to the plaintiffs' claims
against her.  A claim of immunity is evaluated under a functional
approach.  Destek Group, Inc. v. N.H. P.U.C., 318 F.3d 32, 40-41
(1st Cir. 2003).  In the case of agency officials claiming quasi-
judicial roles, the court determines whether (1) the official is
performing "'a traditional adjudicatory function" by deciding
facts, applying law, and "otherwise resolv[ing] disputes on the
merits (free from direct political influence); . . . [(2)]
decid[ing] cases sufficiently controversial that, in the absence
of absolute immunity, [the official] would be subject to numerous
damages actions; . . . [(3)] adjudicat[ing] disputes against a
backdrop of multiple safeguards designed to protect a [party's]
constitutional rights.'" Id. at 41 (quoting Bettencourt v. Bd. of
Registration in Med., 904 F.2d 772, 782 (1st Cir. 1990)).  In her
role as a hearings officer, Beauchamp ordinarily would be
performing a quasi-judicial function that is entitled to
immunity.  See, e.g., Butz v. Economou, 438 U.S. 478, 513-14
(1978); Weyrick v. New Albany-Floyd County Consol. Sch. Corp.,
2004 WL 3059793, at *21 (S.D. Ind. Dec. 23, 2004).

The plaintiffs allege, however, that Beauchamp was not
acting in a traditional adjudicatory function because she was an
employee of the Department of Education.  They further allege
that her contract with the Department required her loyalty to the
Department and prohibited her from making decisions that

substantially affected its administrative policy.[2]  They also
allege that their administrative complaint to the Department of
Education sought services for Veronica and reimbursement for the
costs of private services.  Because of the contract requirements,
the plaintiffs contend, Beauchamp was not impartial but instead
was subject to influence to make decisions in favor of the
Department.  As a result, they argue, Beauchamp found in favor of
the Department in their case despite an absence of evidence to
support the Department's position.

     The plaintiffs also point to 20 U.S.C. § 1415(f), which
requires that parents filing a complaint under the IDEA be given
an opportunity for an impartial due process hearing and states
that such a hearing "may not be conducted by an employee of the
State Educational agency . . . ."  The plaintiffs refer to
another case in this court and represent that the court held
there that the Department of Education's hiring of administrative
judges is unconstitutional.[3]  Beauchamp has not addressed the

_____

     [2]The plaintiffs append to their opposition a copy of
Beauchamp's contract with the Department of Education.  Beauchamp
has not responded to the plaintiffs' allegations about her
contractual relationship with the Department or to the
plaintiffs' interpretation of her contract.  The court has
considered the plaintiffs' allegations as to that relationship
but has not considered or construed the terms of the contract
itself.

     [3]The plaintiffs failed to provide a complete cite to the
referenced case or a copy of the order they cite.  It appears
that the referenced case is Diaz-Fonseca v. Commonwealth of P.R.,
02-cv-02339 (D.P.R. filed Sept. 4, 2002).  From the docket, it

issues the plaintiffs raise.

Taking the allegations in the complaint as true, it does not appear to be without doubt that quasi-judicial immunity would apply to Beauchamp's function as a hearings officer, as it is alleged in this case.  Given the lenient standard in favor of the plaintiffs in deciding a motion for judgment on the pleadings, Beauchamp's motion must be denied.  The plaintiffs' supplemental motion raising an issue of timeliness is also denied.

B.   Informative Motion and Administrative Record

On November 17, 2005, the plaintiffs filed an "Informative Motion," notifying the court that on June 20, 2005, the Department of Education authorized the enrollment of Veronica M. Morales Davila at the private school that her parents had urged as her appropriate placement, Instituto Modelo de Ensenansa Individualizada ("IMEI").  Veronica began the 2005 to 2006 school year at IMEI on August 9, 2005.  Therefore, the plaintiffs no longer seek Veronica's placement at IMEI as part of their IDEA claim.

Based on the plaintiffs "Informative Motion," their remaining IDEA claim is for reimbursement under 20 U.S.C. §

---

appears that the court granted the plaintiff's motion for a declaratory judgment, in that case, on January 3, 2005, that includes a declaration that the Department of Education's system of hiring administrative law judges "is illegal and violatiave of the pertinent provisions of the [IDEA]."  Id. doc. no. 99.

6

1412(a)(10)(C)(ii) for the tuition they paid before the Department authorized Veronica's enrollment at IMEI.  In addition, however, the plaintiffs assert that the defendants caused them "damages" by making education unavailable for Veronica and cite the Americans with Disabilities Act, the Rehabilitation Act, and the IDEA.  The plaintiffs also ask to have a date set for a jury trial of their claims.

The plaintiffs' suggestion that their IDEA claims would be tried to a jury is mistaken.  See, e.g., Loren F. v. Atlanta Indep. Sch. Sys., 349 F.3d 1309, 1313 (11th Cir. 2003).  Instead, the plaintiffs' IDEA claims will be decided by the court based upon the administrative record.  See 20 U.S.C. § 1415(i)(2)(B). In addition, the remedy available under § 1412(a)(10)(C)(ii) is reimbursement for private school placement and does not include other unspecified "damages."

The IDEA requires the court to decide IDEA claims based upon the record of the administrative proceeding.  20 U.S.C. § 1415(i)(2).  "The reliance of courts upon the detailed evidentiary record developed during the due process hearing further underscores the importance of the IDEA's administrative procedures."  Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 61 (1st Cir. 2002).  On May 2, 2005, the court ordered the defendants to promptly determine whether a record of the administrative proceeding existed and to report their findings to the court on or before May 16, 2005.

On May 20, 2005, the defendants filed a motion for an
extension of time and represented that new copies of the tapes of
the administrative proceeding were being made and would be
provided to the plaintiffs by May 31, 2005.  The court granted
the defendants' request for an extension of time to May 31, 2005,
to deliver new copies of the administrative hearing tapes to the
plaintiffs.  The plaintiffs represent in their opposition to the
defendants' motion to dismiss that as of the date of that motion,
July 8, 2005, they had not received "a certified copy of the
administrative records."  To date, no administrative record has
been filed in this case.

In light of the changed circumstances reported in the
plaintiffs' "Informative Motion," the plaintiffs' complaint no
longer states their current claims.  The court notes that the
complaint otherwise also suffers from confusion and a lack of
clarity.  As currently alleged, the plaintiffs have not clearly
distinguished their IDEA claims from any other federal or state
claims that they intend to pursue.  They also appear to seek
damages that are not available under the IDEA.

Given the changed circumstances and the lack of clarity in
the plaintiffs' pleadings, the plaintiffs shall file an amended
complaint in which they shall set forth their IDEA claim and
separately state any other claim or claims under federal or state
law.  Each claim shall be alleged separately in numbered counts
and shall include a statement of the legal theory and the

supporting factual allegations.  The plaintiffs are reminded that scattershot pleadings are not favored.  They should bring only those claims for which they have a reasonable legal and factual basis and that are not duplicative of other claims in the complaint.  The amended complaint shall be filed **on or before December 5, 2005.**

Counsel for the parties shall confer to determine which part, if any, of the administrative record is necessary for the court to resolve the claims as pled in the amended complaint. The Department of Education shall file a certified translation of all or the agreed part of the administrative record with its answer to the amended complaint.  Both the answer and the administrative record shall be filed within **twenty days** after the plaintiffs file their amended complaint.  After the amended complaint, the answer, and the administrative record are filed, the court will issue a procedural order to set the scheduling plan for the remainder of this case.

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion to dismiss (NH document no. 6) is denied.  The plaintiffs' supplemental motion (NH document no. 9) is denied.

The plaintiffs shall file an amended complaint, as directed in this order, **on or before December 5, 2005.**  The defendants shall file their answer together with all or the agreed part of

9

the administrative record, as directed in this order, **within twenty days after the amended complaint is filed.**

SO ORDERED.

Joseph A. DiClerico, Jr.
_____
Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

November 21, 2005

cc:  Lavinia Aparicio-Lopez, Esquire
     Jose E. Cespedes-Sabater, Esquire
     Alfredo Fernandez-Martinez, Esquire
     USDC-PR, Clerk

10